UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X

**CHAIM KAPLAN**, individually and as natural guardian
of plaintiffs M.K.(1), A.L.K., M.K.(2), C.K. and E.K.;

**RIVKA KAPLAN**, individually and as natural guardian
of plaintiffs M.K.(1), A.L.K., M.K.(2), C.K. and E.K;

**M.K.(1)**, a minor, by her father and natural guardian,
Chaim Kaplan, and by her mother and natural guardian,
Rivka Kaplan;

**A.L.K.**, a minor, by his father and natural guardian,
Chaim Kaplan, and by his mother and natural guardian,
Rivka Kaplan;

**M.K.(2)**, a minor, by his father and natural guardian,
Chaim Kaplan, and by his mother and natural guardian,
Rivka Kaplan;

**C.K.**, a minor, by her father and natural guardian, Chaim
Kaplan, and by her mother and natural guardian, Rivka
Kaplan;

**E.K.**, a minor, by his father and natural guardian, Chaim
Kaplan, and by his mother and natural guardian, Rivka
Kaplan;

**MICHAEL FUCHS**;

**AVISHAI REUVANE**;

**ELISHEVA ARON**;

**CHAYIM KUMER**;

**NECHAMA KUMER**;

**KEREN ARDSTEIN**, individually and as natural
guardian of plaintiffs M.A., N.A., A.C.A. and N.Y.A.;

**BRIAN ARDSTEIN**, individually and as natural guardian
of plaintiffs M.A., N.A., A.C.A. and N.Y.A.;

Civ. No. 10-5298 (KMW)

1

PDF Created with deskPDF PDF Writer - Trial :: http://www.docudesk.com

**M.A.**, a minor, by her father and natural guardian, Brian Ardstein, and by her mother and natural guardian, Keren Ardstein;

**N.A.**, a minor, by her father and natural guardian, Brian Ardstein, and by her mother and natural guardian, Keren Ardstein;

**A.C.A**, a minor, by his father and natural guardian, Brian Ardstein, and by his mother and natural guardian, Keren Ardstein;

**N.Y.A.**, a minor, by his father and natural guardian, Brian Ardstein, and by his mother and natural guardian, Keren Ardstein;

**LAURIE RAPPEPORT**, individually and as natural guardian of plaintiff M.R.;

**M.R.**, a minor, by her mother and natural guardian, Laurie Rappeport;

**YAIR MOR**;

**THEODORE GREENBERG**;

**MAURINE GREENBERG**;

**JACOB KATZMACHER**;

**DEBORAH CHANA KATZMACHER**;

**CHAYA KATZMACHER**;

**MIKIMI STEINBERG**;

**JARED SAUTER**;

**DANIELLE SAUTER**;

**MYRA MANDEL**;

**Y.L.**, a minor, by his father and natural guardian Elihav Licci and by his mother and natural guardian Yehudit Licci;

PDF Created with deskPDF PDF Writer - Trial :: http://www.docudesk.com

**ELIHAV LICCI**, individually and as natural guardian of plaintiff Y.L.;

**YEHUDIT LICCI**, individually and as natural guardian of plaintiff Y.L.;

**TZVI HIRSH**;

**ARKADY GRAIPEL**;

**TATIANA KREMER**;

**YOSEF ZARONA**;

**TAL SHANI**;

**SHLOMO COHEN**;

**NITZAN GOLDENBERG**;

**RINA DAHAN**;

**RAPHAEL WEISS**;

**AGAT KLEIN**;

**TATIANA KOVLEYOV**;

**VALENTINA DEMESH**;

**RIVKA EPON**;

**JOSEPH MARIA**;

**IMMANUEL PENKER**;

**ESTHER PINTO**;

**SARAH YEFET**;

**SHOSHANA SAPPIR**;

**R.G.G.**, a minor, by his father and natural guardian Fuad Shchiv Ghanam and by his mother and natural guardian Suha Shchiv Ghanam;

PDF Created with deskPDF PDF Writer - Trial :: http://www.docudesk.com

**FUAD SHCHIV GHANAM**, individually and as natural guardian of plaintiff R.G.G.;

**SUHA SHCHIV GHANAM**, individually and as natural guardian of plaintiff R.G.G.;

**ORNA MOR**;

**ROCHELLE SHALMONI**;

**OZ SHALMONI**;

**DAVID OCHAYON**;

**YAAKOV MAIMON**;

**MIMI BITON**;

**MIRIAM JUMA'A**, individually and as Personal Representative of the Estate of Fadya Juma'a;

**SALAH JUMA'A**, individually and as Personal Representative of the Estate of Samira Juma'a;

**SAID JUMA'A**, individually and as Personal Representative of the Estate of Samira Juma'a;

**ABD EL-RAHMAN JUMA'A**, individually and as Personal Representative of the Estate of Samira Juma'a;

**RAHMA ABU-SHAHIN**;

**ABDEL GAHNI ABDEL GAHNI**, individually and as Personal Representative of the Estate of Soltana Juma'a;

**SHADI SALMAN AZZAM**, individually, as the Personal Representative of the Estate of Manal Camal Azam and as natural guardian of plaintiffs K.S.A. and A.S.A.;

**K.S.A.**, a minor, by his father and natural guardian, Shadi Salman Azzam;

**A.S.A.**, a minor, by his father and natural guardian, Shadi Salman Azzam;

4

**ADINA MACHASAN DAGESH**;

**ARKADY SPEKTOR**;

**YORI ZOVREV**;

**YAAKOV ABUTBUL**;

**A.N.M.**, a minor, by his father and natural guardian, Zion Mor, and by his mother and natural guardian, Revital Mor;

**B.Z.M.**, a minor, by her father and natural guardian, Zion Mor, and by her mother and natural guardian, Revital Mor;

**M.M.**, a minor, by her father and natural guardian, Zion Mor, and by her mother and natural guardian, Revital Mor;

**C.I.M.**, a minor, by her father and natural guardian, Zion Mor, and by her mother and natural guardian, Revital Mor;

**ZION MOR**, individually and as natural guardian of plaintiffs A.N.M., B.Z.M., M.M. and C.I.M.;

**REVITAL MOR**, individually and as natural guardian of plaintiffs A.N.M., B.Z.M., M.M. and C.I.M.;

**ADHAM MAHANE TARRABASHI**;

**EMILLIA SALMAN ASLAN**;

**JIHAN KAMUD ASLAN**;

**ZOHARA LOUIE SA'AD**;

**I.Z.G.**, a minor, by his father and natural guardian Ziad Shchiv Ghanam, and by his mother and natural guardian, Gourov Tisir Ghanam;

**ZIAD SHCHIV GHANAM**, individually and as natural guardian of plaintiff I.Z.G.;

**GOUROV TISIR GHANAM**, individually and as natural guardian of plaintiff I.Z.G.;

5

PDF Created with deskPDF PDF Writer - Trial :: http://www.docudesk.com

**ESTER LELCHOOK**, individually and as personal
representative of the Estate of David Martin Lelchook;

**MICHAL LELCHOOK**;

**YAEL LELCHOOK**;

**ALEXANDER LELCHOOK**;

    and

**DORIS LELCHOOK**,

                           Plaintiffs,

                  -against-

**AL JAZEERA**

                         Defendant.

-------------------------------------------------------------------- X

## FIRST AMENDED COMPLAINT

      Plaintiffs, by their counsel, complain of the Defendants, and hereby allege for their First

Amended Complaint as follows:

## INTRODUCTION

      1.     This is a civil action brought pursuant to the Antiterrorism Act ("ATA"), 18

U.S.C. § 2333(a), the Alien Tort Claims Act ("ATCA"), 28 U.S.C. § 1350, and supplemental

causes of action, arising from a series of terrorist rocket and missile attacks on civilians in Israel

carried out by the Hezbollah terrorist organization between July 12 and August 14, 2006

("Hezbollah Rocket Barrage").

PDF Created with deskPDF PDF Writer - Trial :: http://www.docudesk.com

2.      The plaintiffs are American, Israeli and Canadian civilians who were injured in the Hezbollah Rocket Barrage, and the family members and personal representatives of the estates of one American citizen and four Israeli citizens who were murdered by the Hezbollah Rocket Barrage.

3.      Defendant Al Jazeera provided extensive material support and resources to Hezbollah, that caused, enabled and facilitated the Hezbollah Rocket Barrage.

## THE PARTIES

4.      Plaintiffs Chaim Kaplan, Rivka Kaplan, M.K.(1), A.L.K., M.K.(2), C.K. E.K, Michael Fuchs, Avishai Reuvane, Elisheva Aron, Chayim Kumer, Nechama Kumer, Keren Ardstein, Brian Ardstein, M.A., N.A., A.C.A., N.Y.A., Laurie Rappeport, M.R., Yair Mor, Theodore Greenberg, Maurine Greenberg, Jacob Katzmacher, Deborah Chana Katzmacher, Chaya Katzmacher, Mikimi Steinberg, Jared Sauter, Danielle Saute and Myra Mandel are American citizens who were injured by the Hezbollah Rocket Barrage. Plaintiffs Ester Lelchook, Michal Lelchook, Yael Lelchook, Alexander Lelchook and Doris Lelchook are the family members of American citizen David Martin Lelchook, who was murdered in the Hezbollah Rocket Barrage. Plaintiffs Michal Lelchook, Yael Lelchook, Alexander Lelchook and Doris Lelchook are American citizens.

5.      Plaintiffs Chaim Kaplan, Rivka Kaplan, M.K.(1), A.L.K., M.K.(2), C.K. E.K, Michael Fuchs, Avishai Reuvane, Elisheva Aron, Chayim Kumer, Nechama Kumer, Keren Ardstein, Brian Ardstein, M.A., N.A., A.C.A., N.Y.A., Laurie Rappeport, M.R., Yair Mor, Theodore Greenberg, Maurine Greenberg, Jacob Katzmacher, Deborah Chana Katzmacher, Chaya Katzmacher, Mikimi Steinberg, Jared Sauter, Danielle Saute, Myra Mandel, Ester Lelchook, Michal Lelchook, Yael Lelchook, Alexander Lelchook and Doris Lelchook are

7

PDF Created with deskPDF PDF Writer - Trial :: http://www.docudesk.com

sometimes referred to collectively below as the "American Plaintiffs."[1] The details of the attacks that caused the American Plaintiffs' injuries, and the nature of those injuries, are set forth below.

6.    Plaintiffs Chaim Kaplan, Rivka Kaplan, Brian Ardstein, Keren Ardstein and Laurie Rappeport bring this action individually and on behalf of their respective minor children (as set forth in the caption and below) plaintiffs M.K.(1), A.L.K., M.K.(2), C.K., E.K., M.A., N.A., A.C.A., N.Y.A., and M.R.. Plaintiff Ester Lelchook is the heir of David Martin Lelchook and is authorized under Israeli law to bring this action on behalf of the Estate of David Martin Lelchook, and she brings this action both individually and on behalf of the Estate of David Martin Lelchook.

7.    The remaining plaintiffs (sometimes referred to hereinafter collectively as the "Non-American Plaintiffs") are Israeli and Canadian citizens who were injured, or whose family members were murdered, by the Hezbollah Rocket Barrage. The details of the attacks and the nature of these plaintiffs' injuries are set forth below.

8.    Plaintiffs Elihav Licci, Yehudit Licci, Fuad Shchiv Ghanam, Suha Shchiv Ghanam, Shadi Salman Azzam, Ziad Shchiv Ghanam, Gourov Tisir Ghanam, Zion and Revital Mor bring this action individually and on behalf of their respective minor children (as set forth in the caption and below) plaintiffs Y.L., R.G.G., K.S.A., A.S.A, A.N.M., B.Z.M., M.M., C.I.M. and I.Z.G..

9.    Plaintiff Abdel Gahni Abdel Gahni is the heir of Soltana Juma'a, who was murdered by the Hezbollah Rocket Barrage, and is authorized under Israeli law to bring this

---

[1] Plaintiff Ester Lelchook is an Israeli citizen and is not an American citizen. However, as the widow of American citizen David Martin Lelchook, plaintiff Ester Lelchook is entitled to bring an action under 18 U.S.C. § 2333. Accordingly, for simplicity of reference, this Complaint refers to plaintiff Ester Lelchook as among the American Plaintiffs.

PDF Created with deskPDF PDF Writer - Trial :: http://www.docudesk.com

action on behalf of the Estate of Soltana Juma'a, and he brings this action both individually and on behalf of the Estate of Soltana Juma'a.

10.    Plaintiff Miriam Juma'a is the heir of Fadya Juma'a, who was murdered by the Hezbollah Rocket Barrage, and is authorized under Israeli law to bring this action on behalf of the Estate of Fadya Juma'a, and she brings this action both individually and on behalf of the Estate of Fadya Juma'a.

11.    Plaintiffs Salah Juma'a, Said Juma'a and Abd El-Rahman Juma'a are the heirs of Samira Juma'a, who was murdered by the Hezbollah Rocket Barrage, and are authorized under Israeli law to bring this action on behalf of the Estate of Samira Juma'a, and they bring this action both individually and on behalf of the Estate of Samira Juma'a.

12.    Plaintiff Shadi Salman Azzam is the heir of Manal Camal Azzam, who was murdered by the Hezbollah Rocket Barrage, and is authorized under Israeli law to bring this action on behalf of the Estate of Manal Camal Azzam, and brings this action both individually and on behalf of the Estate of Manal Camal Azzam.

13.    Defendant Al Jazeera is a television network incorporated in Qatar, which has offices and staff and does extensive business in New York and elsewhere in the United States.

14.    Defendant Al Jazeera provided Hezbollah with extensive material support and resources, discussed below, which enabled, facilitated and caused the Hezbollah Rocket Barrage and thereby caused plaintiffs' injuries and the murder of the decedents.

## JURISDICTION

15.    This Court has subject-matter jurisdiction over this action pursuant to 18 U.S.C § 2333(a) and pursuant to 28 U.S.C. §§ 1350 and 1367.

PDF Created with deskPDF PDF Writer - Trial :: http://www.docudesk.com

## STATEMENT OF FACTS

A.    **Hezbollah**

16.    Hezbollah was established in Lebanon circa 1982.

17.    Since its founding, Hezbollah has at all times been a radical Islamic terrorist organization which views the State of Israel and the United States as its enemies.

18.    Since its founding, Hezbollah has at all times sought, as an official and publicly-stated policy and goal of Hezbollah, to harm, weaken, undermine and ultimately destroy the State of Israel.

19.    Since its founding, Hezbollah has at all times sought to achieve its goal of harming, weakening, undermining and ultimately destroying the State of Israel by carrying out terrorist attacks against Israel and Israeli targets, including Israeli civilians.

20.    Since its founding, Hezbollah has carried out thousands of terrorist attacks against Israel and Israeli targets, which have killed scores of innocent Israeli civilians and wounded hundreds more.

21.    Since its founding, Hezbollah has at all times used terrorism against Israel and Israeli targets, including Israeli civilians, in order to coerce, intimidate and influence the Israeli government and public, and thereby harm, weaken, undermine and ultimately bring about the destruction of the State of Israel.

22.    Since its founding, Hezbollah has at all times sought, as an official and publicly-stated policy and goal of Hezbollah, to harm, weaken and undermine the United States militarily, economically and politically.

PDF Created with deskPDF PDF Writer - Trial :: http://www.docudesk.com

23.     Since its founding, Hezbollah has at all times sought to achieve its goal of harming, weakening and undermining the United States by carrying terrorist attacks against Americans and American targets.

24.     Since its founding, Hezbollah has carried out hundreds of terrorist attacks against American targets which have killed hundreds of U.S. citizens and wounded hundreds more.

25.     Because Israel is an ally of the United States, and harming Israel harms, weakens and undermines the United States, Hezbollah has at all times since its founding sought to achieve its goal of harming, weakening and undermining the United States by carrying terrorist attacks against Israelis and Israeli targets, including Israeli civilians.

26.     Since its founding, Hezbollah has at all times used terrorism against Americans and American targets, and against Israel and Israeli targets, including Israeli civilians, in order to coerce, intimidate and influence the United States government and public and thereby harm, weaken and undermine the United States and Israel.

27.     The terrorist attacks committed by Hezbollah between 1982 and July 12, 2006, included, *inter alia*, the following:

    a.  The July 19, 1982, kidnapping of American University president David S. Dodge in Beirut.

    b.  The April 18, 1983, car bomb attack on the United States Embassy in Beirut in which 63 people were killed.

    c.  The October 23, 1983, truck bomb attack on the U.S. Marine barracks in Beirut in which 241 American military personnel were killed.

    d.  The September 20, 1984, car bomb attack on the U.S. Embassy annex in Beirut in which two Americans and 22 others were killed.

11

PDF Created with deskPDF PDF Writer - Trial :: http://www.docudesk.com

e.  The March 16, 1984, kidnapping and murder of William Buckley, a CIA operative working at the U.S. Embassy in Beirut.

f.  The April 12, 1984, attack on a restaurant near the U.S. Air Force Base in Torrejon, Spain in which eighteen U.S. servicemen were killed and 83 people injured.

g.  The December 4, 1984, terrorist hijacking of a Kuwait Airlines plane in which four passengers were murdered, including two Americans.

h.  The June 14, 1985, hijacking of TWA Flight 847 in which Robert Stethem, a U.S. Navy diver, was murdered. Other American passengers were held hostage before being released on June 30, 1985.

i.  The February 17, 1988, kidnapping and subsequent murder of U.S. Marine Col. William Higgins.

j.  The March 17, 1992, bombing of the Israeli Embassy in Buenos Aires that killed 29 people and injured over 200.

k.  The July 18, 1994, bombing of the Jewish community center in Buenos Aires that killed 86 people and injured over 200.

l.  The November 28, 1995, bombardment of towns in northern Israel with missiles aimed at Jewish civilians.

m. The March 30, 1996, bombardment of northern Israeli towns with 28 missiles. A week later, Hezbollah fired 16 additional missiles, injuring 36 Israelis.

n.  The August 19, 1997, bombardment of northern Israel with dozens of missiles aimed at Jewish civilians.

PDF Created with deskPDF PDF Writer - Trial :: http://www.docudesk.com

o.   The December 28, 1998, bombardment on northern Israel with dozens of missiles aimed at Jewish civilians.

p.   The May 17, 1999 bombardment on northern Israel with dozens of missiles aimed at Jewish civilians.

q.   The June 24, 1999, bombardment on northern Israel, killing 2 people.

r.   The April 9, 2002, launching of missiles into northern Israeli towns.

s.   The August 10, 2003, firing of shells that killed a 16-year-old Israeli boy and wounded other Israelis.

28.   Hezbollah has been designated by the United States as a Specially Designated Terrorist ("SDT") continuously since 1995, as a Foreign Terrorist Organization ("FTO") continuously since 1997, and as a Specially Designated Global Terrorist ("SDGT") continuously since 2001.

**B.   Al Jazeera**

29.   At all times, defendant Al Jazeera was an Arabic-language television network incorporated in Qatar.

30.   At all times, defendant Al Jazeera had and supported a distinct political agenda as a matter of official organizational policy.

31.   Specifically, at all times, as a matter of official organizational policy, Al Jazeera shared Hezbollah's goals of and supported Hezbollah's activities aimed at harming, weakening, undermining and ultimately destroying the State of Israel, and of harming, weakening, and undermining the United States.

32.   Additionally, at all times, as a matter of official organizational policy, Al Jazeera supported Hezbollah's use of terrorism against Americans and American targets, and against

13

PDF Created with deskPDF PDF Writer - Trial :: http://www.docudesk.com

Israel and Israeli targets, including against Israeli civilians, in order to coerce, intimidate and influence both the United States government and public and the Israeli government and public, and thereby harm, weaken and undermine the United States and Israel.

33.    Al Jazeera's anti-American and anti-Israel organizational policy has been noted widely and repeatedly, for example:

a.    In September 2001, U.S. officials filed a diplomatic complaint against Al Jazeera, accusing Al Jazeera of having an anti-American slant and objecting to Al Jazeera's describing Palestinian suicide bombers as "martyrs."

b.    In November 2001, the Washington Times noted that "[s]ince September 11, the coverage of the attacks and America's response has been almost uniformly positive – for the Taliban and other Islamicist radicals, that is," and that "[a]ccording to a recent New York Times article by Fouad Ajami, professor of Middle Eastern studies at Johns Hopkins, Al-Jazeera's coverage of September 11 and [the United States'] war against terrorism have been entirely from the Taliban point of view."

c.    In 2002 Professor Khalid al Dakheel of King Saud University stated that: "Al-Jazeera['s] … coverage is anti-Israelis. Their coverage is anti-Americans."

d.    In 2003 Al Jazeera spokesman Jihad Ali Ballout confirmed that while Al Jazeera did seek to turn a profit: "[M]oney is not of paramount importance. We believe we have a mission."

e.    In August, 2004, the Iraqi government suspended Al Jazeera's operations for "inciting hatred" after an independent panel had evaluated Al-Jazeera's Iraq coverage and concluded that it advocated violence against American forces.

PDF Created with deskPDF PDF Writer - Trial :: http://www.docudesk.com

f.  In 2006, Lt. Col. Todd Vician, spokesman for the U.S. Department of Defense stated: "Anyone, even an American living in the Middle East watching a network like Al Jazeera day after day after day, would begin to believe that America was bad just based on the biased, one-sided coverage."

g.  In 2006, Dr. Juan Cole, an expert on the Middle East and professor of Modern Middle East and South Asian History at the University of Michigan stated that, "I don't think I've seen reporting on Al Jazeera where the Americans have ever done anything right … When they report on insurgency in Iraq, the insurgents are always the good guys and the U.S. soldiers are bad guys … In some instances, it could be true, and in other cases there are some pretty nasty guys in the insurgency. But Al Jazeera's line would be that the insurgents are poor people … who want to lead normal, free lives, and they're oppressed by the U.S. occupation."

h.  In 2006, leaders of Fatah (the central faction in the PLO) accused Al Jazeera of being biased in favor of the radical terrorist organization Hamas. Exhibit A.[2] For its part, Hamas praised Al Jazeera. *Id.*

i.  According to Dr. Bruce Maddy-Weizman, a contemporary Middle East and North Africa expert at Tel Aviv University, during the terrorist rocket and missile attacks on civilians in Israel carried out by Hezbollah between July 12 and August 14, 2006, Al Jazeera "boosted Hizballah and [Hezbollah leader] Sheikh Hassan Nasrallah's image … Al-Jazeera's focus had a political intent: that Israel was doing awful things to Lebanon and was suffering."

---

[2] Accessed at http://97.74.65.51/readArticle.aspx?ARTID=931.

PDF Created with deskPDF PDF Writer - Trial :: http://www.docudesk.com

j.   According to Amira Oron of the Israeli Foreign Ministry, during the terrorist rocket and missile attacks on civilians in Israel carried out by Hezbollah between July 12 and August 14, 2006 "Al-Jazeera was no different from [Hezbollah's own station] Al-Manar … It's an Arab station and its intent is to promote the Arab cause."

k.   In July, 2009, Tamman al-Barazi, an Arab journalist who writes for al-Watan al-Arabi, confirmed that "Al-Jazeera has a bias towards … Hizballah."

**C.    Al Jazeera's Role in the Hezbollah Rocket Barrage**

34.    Between July 12, 2006 and August 14, 2006, Hezbollah fired thousands of rockets and missiles (hereinafter "rocket" or "rockets") at civilians in northern Israel. Hezbollah intentionally aimed most of these rockets at civilian areas and population centers.

35.    At least 43 civilians were murdered by the Hezbollah Rocket Barrage, and hundreds were seriously injured.

36.    The rockets fired by Hezbollah during the Hezbollah Rocket Barrage had no internal guidance system, and aiming the rockets accurately was an extremely difficult task.

37.    The only way for Hezbollah to accurately aim these rockets was to obtain information regarding the precise location where a given rocket landed, and to adjust the direction and trajectory of subsequent rockets accordingly. Hezbollah needed to obtain this information in real-time, in order to correlate between specific rockets fired and their specific places of impact.

38.    Precisely because the broadcast of information regarding the location of rocket landings, particularly the real-time broadcast of such information, allows Hezbollah (and other terrorist groups that fire rockets into Israel, such as Hamas), to accurately aim their rockets, as

16

PDF Created with deskPDF PDF Writer - Trial :: http://www.docudesk.com

early as 2003 Israel's military censor had issued standing orders prohibiting news media from broadcasting or reporting such information. These orders were distributed to and received by all news media with representatives in Israel, including Al Jazeera. At the start of the Hezbollah Rocket Barrage Israel's military censor reissued these orders as a reminder. These reissued orders were distributed to and received by all news media with representatives in Israel, including Al Jazeera, at the start of the Hezbollah Rocket Barrage.

39.     During the course of the Hezbollah Rocket Barrage (i.e. between July 12 and August 14, 2006) Al Jazeera officers and employees located in Israel repeatedly and intentionally recorded and transmitted to Al Jazeera's broadcast facilities real-time audiovisual footage verbally and visually describing and depicting the precise impact locations in Israel of rockets fired by Hezbollah, and these transmissions were broadcast in real-time to the public by Al Jazeera. On several occasions, Al Jazeera personnel in Israel were caught red-handed making such recordings and transmissions, and were arrested by Israeli authorities for violating censorship rules prohibiting such recordings and transmissions.

40.     The recording, transmission and broadcasting of the impact locations of Hezbollah rockets described in the previous paragraph were carried out by officers, employees and agents of defendant Al Jazeera acting pursuant to the official organizational policies and instructions of Al Jazeera, and to advance the political agenda and goals of Al Jazeera.

41.     Al Jazeera repeatedly recorded, transmitted and broadcasted the impact locations of Hezbollah rockets in Israel during the Hezbollah Rocket Barrage, as described above, for the specific purpose and with the specific intention of assisting Hezbollah to harm Israel and the United States, consistent with and pursuant to Al Jazeera's support for Hezbollah and its goals, discussed above.

PDF Created with deskPDF PDF Writer - Trial :: http://www.docudesk.com

42.    Specifically, Al Jazeera repeatedly recorded, transmitted and broadcasted the impact locations of Hezbollah rockets in Israel during the Hezbollah Rocket Barrage, as described above, for the specific purpose and with the specific intention of assisting Hezbollah to more accurately aim its rockets and thereby inflict more and greater harm on Israeli targets, including on civilians in Israel, in order to harm and weaken Israel. Al Jazeera sought to weaken and harm Israel both for its own sake, and because Al Jazeera sought to weaken and harm the United States, and weakening and harming Israel weakens and harms its close strategic ally the United States.

### D.    The Decedents Were Murdered and the Plaintiffs Were Harmed by the Hezbollah Rocket Barrage

43.    The plaintiffs were injured and their decedents were murdered by the Hezbollah Rocket Barrage, as detailed below.

44.    On July 13, 2006, plaintiff Chaim Kaplan was severely injured by two rockets fired by Hezbollah at the northern Israeli town of Safed. The first rocket landed next to Chaim's car and severly injured him. The second rocket struck the Kaplan family's home, and also injured Chaim's wife, plaintiff Rivka Kaplan, as well as the couple's minor children plaintiffs M.K.(1), A.L.K., M.K.(2), C.K. and E.K.. As a result of these rocket attacks plaintiffs Chaim Kaplan, Rivka Kaplan, M.K.(1), A.L.K., M.K.(2), C.K. and E.K. suffered severe physical, psychological, emotional and financial injuries.

45.    Plaintiffs Avishai Reuvane and Elisheva Aron were injured on July 13, 2006, by a rocket fired by Hezbollah at Safed. As a result of this rocket attack Avishai Reuvane and Elisheva Aron suffered severe physical, psychological, emotional and financial injuries.

46.    Plaintiff Chayim Kumer, a resident of Safed, suffered a nervous breakdown and was hospitalized as a result of the Hezbollah Rocket Barrage, which in turn caused severe harm

PDF Created with deskPDF PDF Writer - Trial :: http://www.docudesk.com

to his wife, Plaintiff Nechama Kumer. As a result of the Hezbollah Rocket Barrage plaintiffs Chayim Kumer and Nechama Kumer suffered severe psychological, emotional and financial injuries.

47.     On July 13, 2006, at approximately 14:30, plaintiff Michael Fuchs was driving his car in Safed when a rocket filed by Hezbollah at Safed struck nearby. Massive amounts of shrapnel penetrated Fuchs' car and caused him severe injuries. Fuchs lost large quantities of blood, lost consciousness and was rushed to the intensive care unit of Rebecca Ziv Hospital. Fuchs' throat was slashed as a result of the explosion and his right hand remains completely paralyzed. Fuchs has been permanently disabled. He is unable to work and relies on intensive and expensive medical treatments on an on-going basis. As a result of this rocket attack Michael Fuchs suffered severe physical, psychological, emotional and financial injuries.

48.     Plaintiffs Karen and Brian Ardstein resided in Safed at the time of the Hezbollah Rocket Barrage. Numerous rockets filed by Hezbollah at Safed landed near the family's home. Karen was pregnant at the time the attacks began and due to the ongoing strain, stress and anxiety, and the rocket explosions near the Ardstein home she suffered a miscarriage and lost the baby. In the wake of the miscarriage, Karen suffered from post-partum depression, damage to her immune system and has developed other medical complications. Brian was greatly traumatized by the rocket attacks and the loss of the baby. In addition, as a result of the rocket attacks and the collapse of tourism in Israel, Brian, a licensed tour guide, lost all of his work and had extreme difficulties supporting his family. The Ardsteins' minor children, plaintiffs M.A., N.A., A.C.A. and N.Y.A. all suffered emotional and psychological trauma from the Hezbollah Rocket Barrage. All of the children have been diagnosed with permanent and severe emotional disorders and are receiving on-going psychiatric treatment and therapy. As a result of the

PDF Created with deskPDF PDF Writer - Trial :: http://www.docudesk.com

Hezbollah Rocket Barrage, plaintiffs Brian Ardstein, Keren Ardstein, M.A., N.A., A.C.A. and N.Y.A. suffered severe physical, psychological, emotional and financial injuries.

49.    On July 13, 2006, at approximately 7:00 p.m. a rocket fired by Hezbollah at Safed landed outside the home of plaintiffs Laurie Rappeport and her minor daughter M.R. in Safed. The powerful explosion blew M.R., who was playing outside on a wall, into the air. M.R. was hospitalized as a result of the explosion and suffered severe psychological trauma. Laurie was emotionally distraught over the injury sustained by her young daughter. As a result of this rocket attack plaintiffs Laurie Rappeport and M.R. suffered severe physical, psychological, emotional and financial injuries.

50.    On July 19, 2006, the art gallery owned by plaintiffs Yair and Orna Mor in Safed was directly hit by a rocket fired by Hezbollah at Safed. The business was completely destroyed in the blast. The couple was extremely traumatized by the destruction of their family's business. As a result of this rocket attack plaintiffs Yair and Orna Mor suffered severe psychological, emotional and financial injuries.

51.    In the summer of 2006, plaintiffs Theodore (Ted) Greenberg and Maurine Greenberg were the proprietors of a tourism business in Safed. The Hezbollah Rocket Barrage caused a complete halt in tourism in northern Israel for several months during the peak tourism season, which in turn caused the Greenbergs severe financial damage. As a result of the Hezbollah Rocket Barrage, plaintiffs Theodore (Ted) Greenberg and Maurine Greenberg suffered severe financial damages.

52.    In the summer of 2006, plaintiffs Jacob Katzmacher and Deborah Chana Katzmacher were the proprietors of an art gallery in Safed (a business that caters almost exclusively to tourists). The Hezbollah Rocket Barrage caused a complete halt in tourism in

PDF Created with deskPDF PDF Writer - Trial :: http://www.docudesk.com

northern Israel for several months during the peak tourism season, which in turn caused the Katzmachers severe financial damage. As a result of the Hezbollah Rocket Barrage, plaintiffs Jacob Katzmacher and Deborah Chana Katzmacher suffered severe financial damages.

53.    On July 13, 2008, a rocket fired by Hezbollah at Safed landed a few meters away from plaintiff Chaya Katzmacher causing her psychological and emotional damage. As a result of this rocket attack, Chaya Katzmacher suffered severe psychological, emotional and financial damage.

54.    On August 11, 2006, at approximately 1:15 p.m., a rocket fired by Hezbollah at Safed landed directly on plaintiff Mikimi Steinberg's house in Safed, severely damaging the house and the possessions therein. As a result of this rocket attack, Mikimi Steinberg suffered severe financial damages.

55.    In the summer of 2006, plaintiffs Jared Sauter and Danielle Sauter were the owners of a tourism business in the town of Rosh Pina in the Galilee. The Hezbollah Rocket Barrage caused a complete halt in tourism in northern Israel for several months during the peak tourism season, which in turn caused the Sauters severe financial damage. The Sauters' business collapsed and they was forced to relocate to a different city. As a result of the Hezbollah Rocket Barrage, Jared Sauter and Danielle Sauter suffered severe financial damages.

56.    In the summer of 2006 plaintiff Myra Mandel was the owner of an art gallery in Safed. Rockets launched by Hezbollah damaged her art gallery. Additionally, the Hezbollah Rocket Barrage caused a complete halt in tourism in northern Israel for several months during the peak tourism season, which in turn caused Mandel severe financial damage. As a result of the Hezbollah Rocket Barrage, Myra Mandel suffered severe financial damages.

PDF Created with deskPDF PDF Writer - Trial :: http://www.docudesk.com

57.    On July 13, 2006 a rocket fired by Hezbollah at Safed directly struck the home of plaintiffs Zion Mor and Revital Mor and injured their entire family. After the explosion, while fighting the smoke, fire and destruction, Zion hysterically rushed to save his family who were in the center of the house at the time. The family home was completely destroyed by the rocket's explosion. Due to the emotional trauma Zion has been severely impaired psychologically and emotionally and remains disabled. Zion is largely unable to work as he must spend his time caring for his wife and children. Zion's wife, plaintiff Revital Mor, was sprayed with rocket shrapnel and glass in her legs and she suffered deep tissue injuries and major scars. Revital has been diagnosed with severe psychological and emotional damage and has been declared mentally debilitated and must rely on anxiety medicines for her day-to-day existence. The couple's minor son, plaintiff A.N.M., was also hit with shrapnel throughout his body, most acutely in his head and back. One of the shrapnel fragments pierced A.N.M.'s appendix which required surgery to remove. A.N.M. remains scarred throughout his body as a result of the injuries he sustained in the rocket attack. Another child, plaintiff B.Z.M., was also sprayed with shrapnel throughout her body. The large and visible scars that riddle her body as a result of the injuries she sustained in the rocket attack will never be healed – most notably the significant scars near her nose, near her eyes, on her torso and on her lower back. Another child, plaintiff M.M., suffered severe head trauma caused by large shrapnel fragments that pierced her head. M.M. was also severely injured in the belly area. The young girl was rushed to the hospital while on life support and was administered life-saving emergency surgery. M.M. remains scarred throughout her body as a result of the injuries she sustained in the rocket attack and suffers from severe headaches and severe psychological and emotional trauma that manifest themselves in acute restlessness, inability to concentrate, scattered thoughts and activities, severe attention deficit, and non-stop

22

PDF Created with deskPDF PDF Writer - Trial :: http://www.docudesk.com

tics in her hands. The Mors' youngest child, plaintiff C.I.M. was also sprayed with shrapnel, most acutely in her head and legs. As a result of this rocket attack Zion Mor, Revital Mor, A.N.M., B.Z.M., M.M. and C.I.M. suffered severe physical, psychological, emotional and financial injuries.

58.    On July 13, 2006 at approximately 7:30 am, a rocket fired by Hezbollah at the Israeli city of Nahariya directly struck plaintiff David Ochayon's apartment building. Ochayon was in his home at the time of the powerful explosion and was struck with shrapnel and debris. In addition, he was badly traumatized from the blast and is still being treated for emotional disorders. As a result of this rocket attack David Ochayon suffered severe physical, psychological, emotional and financial injuries.

59.    On July 13, 2006 at approximately 2:00 p.m. a rocket fired by Hezbollah at Safed directly hit the business owned by plaintiff Yaakov Maimon and collapsed the building on him. The force of the blast seriously physically injured and traumatized Yaakov Maimon. His business was badly damaged as well. As a result of this rocket attack Yaakov Maimon suffered severe physical, psychological, emotional and financial injuries.

60.    On July 12, 2006 at approximately 2:30 p.m. a rocket a rocket fired by Hezbollah at Safed struck the workplace of plaintiff Mimi Biton and collapsed the building on her. Biton was struck by shrapnel from the explosion and was badly traumatized by the blast and she experiences long-term psychological disorders. As a result of this rocket attack Mimi Biton suffered severe physical, psychological, emotional and financial injuries.

61.    On July 29, 2006 a rocket a rocket fired by Hezbollah at the Israeli town of Kiryat Motzkin near Haifa landed next to plaintiff Tzvi Hirsh as he was making his way to a bomb shelter near his home. Hirsh was hit with shrapnel from the explosion and was badly injured. In

23

PDF Created with deskPDF PDF Writer - Trial :: http://www.docudesk.com

addition, he experienced severe trauma. The injuries Hirsh sustained caused him to be permanently confined to a wheelchair. As a result of this rocket attack Tzvi Hirsh suffered severe physical, psychological, emotional and financial injuries.

62.     On July 26, 2006 at approximately 9:30 am a rocket fired by Hezbollah at the Israeli town of Kiryat Yam near Haifa landed next to plaintiff Arkady Graipel as he traveled to work. Arkadi was struck by shrapnel from the explosion. In addition he was badly traumatized from the blast. As a result of this rocket attack Arkady Graipel suffered severe physical, psychological, emotional and financial injuries.

63.     On July 13, 2006 at approximately 3:45 p.m. a rocket fired by Hezbollah at Safed landed outside the home of plaintiff Tatiana Kremer. Kremer was struck by shrapnel from the explosion. In addition, she was badly traumatized from the blast and is still being treated for psychological disorders. As a result of this rocket attack Taitana Kremer suffered severe physical, psychological, emotional and financial injuries.

64.     On August 3, 2006 a rocket fired by Hezbollah at the Israeli city of Acre, north of Haifa, slammed into the work place of plaintiff Yosef Zarona. Zarona was struck by shrapnel from the explosion which left him unable to walk without painful effort. In addition, he was badly traumatized from the blast and is still being treated with medication. He has had to stop working on account of his numerous injuries. As a result of this rocket attack Yosef Zarona suffered severe physical, psychological, emotional and financial injuries.

65.     On July 28, 2006 a rocket fired by Hezbollah at Kibbutz Amir in Israel's Hula Valley struck the home of plaintiff Tal Shani. Shani was struck with shrapnel and debris from the powerful blast and suffered severe head wounds. In addition, she was badly traumatized from the

PDF Created with deskPDF PDF Writer - Trial :: http://www.docudesk.com

blast and she sustained long term psychological disorders. As a result of this rocket attack Tal Shani suffered severe physical, psychological, emotional and financial injuries.

66.    On August 13, 2006 a rocket fired by Hezbollah at Haifa directly struck the home of Shlomo Cohen, as well as his car. The powerful blast severely injured his ears and badly traumatized him. Medical experts are unable to provide treatment for his hearing difficulties. As a result of this rocket attack Shlomo Cohen suffered severe physical, psychological, emotional and financial injuries.

67.    On August 11, 2006 a rocket fired by Hezbollah at Kiryat Bialik, near Haifa, directly struck the home of a business associate of Nitzan Goldenberg, while Goldenberg was visiting. Goldenberg was injured by shrapnel and permanently handicapped. One of his hands is paralyzed and does not function. Goldenberg had trained as a chef and was preparing to open his own restaurant at the time of the rocket attack. Because of the serious damage to his hand he is today unable to work in his chosen profession as a chef. As a result of this rocket attack Nitzan Goldenberg suffered severe physical, psychological, emotional and financial injuries.

68.    On August 4, 2006 a rocket fired by Hezbollah at M'rar village in the Upper Galilee struck the house of plaintiff Shadi Salman Azzam. Shrapnel from the rocket flew into his house and killed his wife, Manal Camal Azzam, who was 28 at the time of her death, and severely wounded the couple's minor children, plaintiffs K.S.A. and A.S.A.. The murder of Manal Camal Azzam caused decedent and her estate severe harm, including conscious pain and suffering and pecuniary loss.

69.    Plaintiff Shadi Salman Azzam saw his wife torn to pieces and his children maimed by the rocket blast, and as a result he has suffered severe psychological harm and has been forced to seek professional mental health care. Before his wife's death plaintiff Shadi

PDF Created with deskPDF PDF Writer - Trial :: http://www.docudesk.com

Salman Azzam worked as a builder and made a good salary on which he was able to support his family, but after the attack he stopped working for 4 months and to this day is unable to work the same hours he used to – a fact that has hurt his family's income. In addition, plaintiff Shadi Salman Azzam is now responsible for assuming the duties that his wife previously fulfilled as a mother. As a result of this rocket attack decedent Manal Camal Azzam was murdered and plaintiff Shadi Salman Azzam suffered severe psychological, emotional and financial injuries.

70.    Plaintiff K.S.A., minor, is the daughter of plaintiff Shadi Salman Azzam and decedent Manal Camal Azzam. Plaintiff K.S.A.suffered severe physical injuries in the same rocket attack that killed her mother. As a result of her own injuries and watching the gruesome death of her mother in their family home, and seeing the maiming of her brother, she suffers from severe psychological and emotional trauma and is undergoing continuous psychological treatment. As a result of this rocket attack plaintiff K.S.A. suffered severe physical, psychological and emotional injuries.

71.    Plaintiff A.S.A., minor, is the four year-old son of plaintiff Shadi Salman Azzam and decedent Manal Camal Azzam. Plaintiff A.S.A. suffered physical shrapnel wounds in the same attack that severely injured his sister and killed his mother. As a result of his own injuries and watching the gruesome death of his mother in their family home, and seeing the maiming of his sister, he suffers from severe psychological and emotional trauma and is undergoing continuous psychological treatment. As a result of this rocket attack plaintiff A.S.A. suffered severe physical, psychological and emotional injuries.

72.    Plaintiff Adina Machasan Dagesh, 53, is a relative of the Azzam family, and was present in their home at the time of the August 4, 2006 rocket attack. Due to the shock, fear and trauma that she suffered, she is now undergoing continuous psychological treatment to deal with

PDF Created with deskPDF PDF Writer - Trial :: http://www.docudesk.com

the manifestations of severe psychological and emotional trauma. As a result of this rocket attack, Adina Dagesh suffered severe psychological and emotional injuries.

73.    On August 5, 2006 a rocket fired by Hezbollah at the village of Arb El-Aramshe, near the Israeli-Lebanese border, landed near the home of the Juma'a family. The rocket killed Fadya Juma'a, along with her daughters Samira Juma'a and Sultana Juma'a. The murder of Fadya Juma'a, Samira Juma'a and Sultana Juma'a caused decedents and their estates severe harm, including conscious pain and suffering and pecuniary loss.

74.    Plaintiff Miriam Juma'a, aged 88, is the mother of decedent Fadya Juma'a and the grandmother of decedents Samira Juma'a and Sultana Juma'a. Miriam Jum'a suffered severe emotional harm as a result of the death of her daughter and granddaughters, as well as a substantial loss of support. Miriam was very much attached to her daughter, and dependent on her for care. This rocket attack caused Miriam Juma'a severe psychological and emotional injuries.

75.    Plaintiffs Salah Juma'a, Said Juma'a, Abdel Rahman Juma'a and Rahma Abu-Shahin are the siblings of decedent Fadya Juma'a. The death of their beloved sister caused them severe emotional harm and distress. As a result of this rocket attack and the death of their sister, Salah Juma'a, Said Juma'a, Abdel Rahman Juma'a and Rahma Abu-Shahin suffered severe psychological and emotional injuries.

76.    Plaintiff Abedel Gahni Abedel Ghani is the husband of decedent Soltana Juma'a. As a result of the death of his wife and the mother of his children, plaintiff Abedel Gahni Abedel Gahni has suffered terrible psychological and emotional trauma and distress, and financial loss. As a result of this rocket attack and the death of his wife Abedel Gahni Abedel Gahni suffered severe psychological, emotional and financial injuries.

PDF Created with deskPDF PDF Writer - Trial :: http://www.docudesk.com

77.     On July 25, 2006 and August 4, 2006, rockets fired by Hezbollah at Kfar Maghar in the Galilee landed near plaintiffs Adham Mahane Tarrabashi, Emillia Salman Aslan and Jihan Kamud Aslan. They experienced extreme trauma from the explosions and are undergoing treatment for psychological disorders. As a result of this rocket attack Adham Mahane Tarrabashi, Emillia Salman Aslan and Jihan Kamud Aslan suffered severe psychological and emotional injuries.

78.     On July 25, 2006 a rocket fired by Hezbollah at Kfar Maghar struck the workplace of plaintiff Zohara Louie Sa'ad. She was psychologically and emotionally traumatized by the blast. As a result of this rocket attack Zohara Louie Sa'ad suffered severe psychological, emotional and financial injuries.

79.     On July 25, 2006 a rocket fired by Hezbollah at Kfar Maghar hit the home of plaintiff Ziad Shchiv Ghanam and his wife plaintiff Gourov Tisir Ghanam. The blast caused Ziad severe physical injuries. Plaintiff Gourov Tisir Ghanam and the couple's minor son, plaintiff I.Z.G., who were also in the home, suffered severe psychological trauma as a result of the attack. As a result of this rocket attack Ziad Shchiv Ghanam suffered severe physical, psychological, emotional and financial injuries and plaintiffs Gourov Tisir Ghanam and I.Z.G. suffered severe psychological and emotional injuries.

80.     On August 8, 2006 a rocket fired by Hezbollah at Haifa landed next to plaintiff Rina Dahan as she was making her way to a bomb shelter. Rina was injured in both her legs and she is still in need of medical treatments, including pain-relieving shots. Rina's ability to walk is limited, especially climbing stairs. Rina Dahan's quality of life was severely damaged by her injuries and she is now disabled and dependent on medical care and third party assistance. In

PDF Created with deskPDF PDF Writer - Trial :: http://www.docudesk.com

addition she was badly emotionally traumatized by the blast. As a result of this rocket attack Rina Dahan suffered severe physical, psychological, emotional and financial injuries.

81.     On August 3, 2006 at approximately 16:15 p.m., a rocket fired by Hezbollah at Acre struck outside the car of plaintiff Raphael Weiss. Weiss sustained shrapnel injury in his head and was rushed to the operating room. As a result of his injury, Weiss has been turned from a healthy active man to a disabled patient confined to a wheelchair, requiring regular medical treatments and a permanent assistance. As a result of this injury, Weiss suffered a CVA on the left part of his brain, and became epileptic. In addition to his physical injuries Weiss was badly emotionally traumatized by the blast. As a result of this rocket attack Raphael Weiss suffered severe physical, psychological, emotional and financial injuries.

82.     On July 16, 2006, in the morning hours, a rocket fired by Hezbollah at Kiryat Yam struck next to the bomb shelter where plaintiff Agat Klein was seeking refuge. As a result of the powerful blast, Agat Klein suffered serious psychological and emotional damage. She was evacuated to Carmel Hospital in Haifa. Agat Klein continues to suffer from psychological disorders and anxiety attacks. She still has not regained her ability function properly to this day, has trouble functioning and has had to resign from her job. As a result of this rocket attack Agat Klein suffered severe psychological, emotional and financial injuries.

83.     On July 25, 2006, at approximately 1:55 a.m., a rocket fired by Hezbollah at Haifa landed near plaintiff Tatiana Kovleyov. As a result of the blast, Kovleyov was sprayed with shrapnel in all parts of her body. Her ability to walk has been severely impaired, her left hand does not work, her body is still riddled with shrapnel and she requires ongoing physiotherapeutic care. In addition, Kovleyov has been severely impaired psychologically and emotionally. She suffers depression and sleep impairment among other ailments, for which she

PDF Created with deskPDF PDF Writer - Trial :: http://www.docudesk.com

requires ongoing psychiatric care. Kovleyov is unable to work, due to the heavy physical and psychological injuries she maintains. As a result of this rocket attack Tatiana Kovleyov suffered severe physical, psychological, emotional and financial injuries.

84.    On July 25, 2006, a rocket filed by Hezbollah at Haifa landed next to plaintiff Valentina Demesh as she was walking down the street. Demesh was sprayed with shrapnel and is suffering from functional disability in her hands and legs. In addition, Valentina has suffered psychological and emotional damage. She suffers from nightmares and other emotional disorders for which she requires ongoing psychiatric care. Damesh has been unable to return to work as a result of her medical condition. As a result of this rocket attack Valentina Demesh suffered severe physical, psychological, emotional and financial injuries.

85.    On August 11, 2006, at approximately 4:00 p.m., a rocket fired by Hezbollah at the town of Kiryat Shemona in the Galilee Panhandle directly struck the home of plaintiff Rivka Epon. Epon was in the house at the time of the explosion and she was hit in the face with shrapnel. The blast broke her nose and jaw and knocked three of her teeth from her mouth. She continues to suffer from dizziness, an inability to concentrate, headaches, severe ringing in her ears and significant pain in the spot where a two centimeter piece of rocket shrapnel is still lodged in her body. Rivka suffers from severe psychological and emotional damage and is unable to be alone. She requires continuous psychiatric care. As a result of this rocket attack Rivka Epon suffered severe physical, psychological, emotional and financial injuries.

86.    In the afternoon hours of July 28, 2006, a rocket fired by Hezbollah at Acre landed outside the home of plaintiff Joseph Maria. As a result of the powerful explosion Maria suffered a severe stroke and half his body remains paralyzed. His speech is confused and unintelligible, he requires continuous medical and nursing care 24 hours a day. Maria was also

PDF Created with deskPDF PDF Writer - Trial :: http://www.docudesk.com

badly traumatized by the blast and suffers from psychological and emotional damage. As a result of this rocket attack Joseph Maria suffered severe physical, psychological, emotional and financial injuries.

87.    On August 13, 2006, at approximately 10 p.m., a rocket fired by Hezbollah at Nahariya exploded outside a bus being operated by plaintiff Immanuel Penker. The powerful blast wounded Penker throughout his body including his right hand. Since the attack Penker has undergone surgery several times on his hand, left leg and left eye. In addition he has required skin grafts and restructuring. Penker needs medical care as well as occupational therapy due to his injuries and the extensive series of operations he has endured. In addition, he has been badly traumatized by the rocket blast. Since the attack Penker has been unable to work. As a result of this rocket attack Immanuel Penker suffered severe physical, psychological, emotional and financial injuries.

88.    On July 17, 2006, at approximately 1:10 p.m., a rocket fired by Hezbollah at Safed directly struck the home of Esther Pinto. Pinto was in her home at the time. The powerful explosion injured Pinto in both legs, and she was required to undergo surgery. Her walking remains impaired and she requires regular medical care. Pinto was badly traumatized from the blast and suffers from psychological and emotional damage. As a result of the rocket attack Esther Pinto suffered severe physical, psychological, emotional and financial injuries.

89.    On July 25, 2006 a rocket fired by Hezbollah at the Israeli village of Ma'ar exploded in the yard of the home of plaintiffs Fuad and Suha Shchiv Ghanam. Fuad suffered severe rocket shrapnel injuries throughout his body. He was also badly traumatized by the blast. Fuad's wife, Suha, suffered rocket shrapnel injuries throughout her body and suffers from severe psychological and emotional trauma. She requires continuous psychiatric care since the attack.

31

PDF Created with deskPDF PDF Writer - Trial :: http://www.docudesk.com

The couple's young son plaintiff R.G.G. was also injured in the explosion. R.G.G. suffered rocket shrapnel wounds throughout his body. In addition, R.G.G. suffers from psychological and emotional trauma due to the attack. As a result of this rocket attack Fuad and Suha Shchiv Ghanam and R.G.G. suffered severe physical, psychological, emotional and financial injuries.

90.     On July 14, 2006, a rocket fired by Hezbollah at Safed landed next to plaintiff Yaakov Abutbul as he was leaving his shift at the hospital where he was employed. Abutbul was wounded with shrapnel in his legs, his back and his chest. He subsequently required surgery three times. In addition, he was traumatized by the explosion. As a result of this rocket attack Yaakov Abutbul suffered severe physical, psychological, emotional and financial injuries.

91.     On July 22, 2006, a rocket fired by Hezbollah at Nahariya landed in close proximity to plaintiff Arkady Spektor. Spektor was sprayed with shrapnel in his right thigh, left shoulder and left lung, and was hospitalized. As a result of this rocket attack, Arkady Spektor suffered severe physical, psychological and emotional injuries.

92.     On July 28, 2006, a rocket fired by Hezbollah at Nahariya landed about forty meters from plaintiff Yori Zovrev as he was running to a bomb shelter near his home. As a result, he broke his left ankle (compound fracture) and was hospitalized. As a result of this injury, he has suffered severe, constant pain through the present. In addition, he suffers from severe anxiety, manifesting itself in the form of insomnia and inability to rest. As a result of this rocket attack, Zovrev has suffered severe physical and psychological and emotional injuries.

93.     On July 13, 2006, alarms sounded in response to rockets fired by Hezbollah at Safed, and, while running to the bomb shelter, plaintiff Y.L. stumbled and fell on his stomach and suffered an injury requiring that his spleen be immediately removed. On July 20, 2006 while still hospitalized in Safed from the spleen operation, another rocket fired by Hezbollah at Safed

32

landed directly on the hospital in which Y.L. was being treated, very close to the room in which he was hospitalized. Y.L. received shrapnel and glass shard wounds to his entire body, especially to his left foot and hand, his head, his back and his eyes. Y.L. suffered a fracture in his skull that cannot heal, and bulging scars in his limbs, back, and head. In addition, Y.L. suffered severe emotional injuries. While previously a healthy and active boy, Y.L. is now dependant on psychiatric treatment and medications. Y.L.'s condition has not improved. Even today, as a teenager, he sleeps in his parents' bed. As a result of these rocket attacks, Y.L. suffered severe physical, psychological, emotional and financial injuries.

94.    On July 21, 2006, a rocket fired by Hezbollah at Safed landed on the hospital where plaintiff Elihav Licci was attending to his son Y.L.. Elihav Licci was injured by the rocket, and suffered shrapnel wounds and glass shards embedded in his right hand and in his left foot. Some of these shards could not be removed and are still in Elihav's body. Elihav Licci also experienced psychological injuries (severe PTSD) as a result of the rocket attack. As a result of this rocket attack, Elihav Licci suffered severe physical, psychological, emotional and financial injuries.

95.    On July 13 2006, a rocket fired by Hezbollah landed on a dairy owned by plaintiffs Elihav and Yehudit Licci near Safed, paralyzing the dairy's activity. On July 20, 2006, another rocket fired by Hezbollah landed on the Licci's dairy and destroyed it. The dairy had until that time generated approximately $90,000 in monthly revenue. As a result of these rocket attacks, plaintiffs Elihav and Yehudit Licci suffered severe financial damages.

96.    On July 19, 2006 a rocket fired by Hezbollah at the town of Carmiel in the Northern Galilee struck the home of plaintiffs Rochelle Shalmani and Oz Shalmani, partly destroying it. The family could not live in the house in Carmiel due to the damage and the danger

PDF Created with deskPDF PDF Writer - Trial :: http://www.docudesk.com

of ongoing rocket attacks, and spent several weeks crowded into a small Tel Aviv apartment with twelve other people. The Shalmanis lost significant work time due to the attack. As result of this rocket attack Rochelle Shalmani and Oz Shalmani suffered severe financial injuries.

97.     On August 2, 2006, David Martin Lelchook, a 52-year old American citizen, was riding his bicycle from the fields of Kibbutz Saar, where he worked, toward his home on the kibbutz when a rocket launched by Hezbollah struck him.

98.     David Martin Lelchook was mortally injured by shrapnel from the initial blast and died thereafter.

99.     David Martin Lelchook is survived by his wife, plaintiff Ester Lelchook, his two daughters, plaintiffs Michal Lelchook and Yael Lelchook, his brother, plaintiff Alexander Lelchook, and his mother, plaintiff Doris Lelchook.

100.    The murder of David Martin Lelchook caused the decedent and his estate severe harm, including conscious pain and suffering, and pecuniary loss.

101.    The murder of David Martin Lelchook caused plaintiffs Ester Lelchook, Michal Lelchook, Yael Lelchook, Alexander Lelchook and Doris Lelchook severe and permanent psychological, emotional and financial injuries and harm.

E.     **The Murder of the Decedents and the Harm to the Plaintiffs Are the Result of Al Jazeera's Conduct**

102.    Hezbollah carried out the Hezbollah Rocket Barrage, thereby murdering the decedents and causing the injuries and harm suffered by the plaintiffs herein.

103.    By providing Hezbollah real-time information about the precise impact locations of the rockets fired by Hezbollah, Al Jazeera substantially increased and facilitated Hezbollah's ability to aim its rockets accurately at civilian areas.

PDF Created with deskPDF PDF Writer - Trial :: http://www.docudesk.com

104.    But for Al Jazeera's provision to Hezbollah of real-time information about the precise impact locations of the rockets fired by Hezbollah, the ability of Hezbollah to accurately aim the rockets it fired during the Hezbollah Rocket Barrage at civilian areas, including the rockets that injured the plaintiffs and murdered their decedents, would have been very limited.

105.    Hezbollah's ability to accurately aim the rockets that injured the plaintiffs and murdered their decedents was therefore enabled, facilitated and proximately caused by the conduct of defendant Al Jazeera described herein.

106.    As a matter of fact and of law, "[f]oreign organizations that engage in terrorist activity [such as Hezbollah] are so tainted by their criminal conduct that *any contribution to such an organization* facilitates that conduct." *Holder v. Humanitarian Law Project*, 130 S.Ct. 2705, 2724 (2010) (emphasis in the original).

107.    As a matter of fact and of law, "[g]iven the purposes, organizational structure, and clandestine nature of foreign terrorist organizations [such as Hezbollah] it is highly likely that any material support to these organizations will ultimately inure to the benefit of their criminal, terrorist functions." *Holder*, 130 S.Ct. at 2727.

108.    As a matter of fact and of law, "providing material support to a designated foreign terrorist organization [such as Hezbollah] – even seemingly benign support – bolsters the terrorist activities of that organization." *Holder*, 130 S.Ct. at 2728.

109.    The murder of the decedents and plaintiffs' injuries and harm are therefore the direct and proximate result of Al Jazeera's conduct.

110.    Al Jazeera gave substantial aid and assistance to Hezbollah, and thereby aided and abetted Hezbollah, with the specific intention of causing and facilitating the commission of acts of extrajudicial killing and international terrorism by Hezbollah, including the Hezbollah Rocket

PDF Created with deskPDF PDF Writer - Trial :: http://www.docudesk.com

Barrage. Al Jazeera did so with actual knowledge that Hezbollah had killed and injured numerous U.S. and other civilians in terrorist attacks and with the knowledge and specific intent that additional U.S. and other innocent civilians would be killed and/or injured as a result of its aiding, abetting and provision of material support and resources to the Hezbollah.

111.    Al Jazeera knowingly and willingly conspired, agreed and acted in concert with Hezbollah, to cause and facilitate the commission of acts of extrajudicial killing and international terrorism including Hezbollah Rocket Barrage. Al Jazeera did so with actual knowledge that Hezbollah had killed and injured numerous U.S. and other civilians in terrorist attacks and with the knowledge and specific intent that additional U.S. and other innocent civilians would be killed and/or injured as a result of its conspiracy with Hezbollah.

112.    Al Jazeera ordered, directed, authorized, ratified and approved the acts of its officers, employees and agents in recording, transmitting and broadcasting real-time information about the precise impact locations of the rockets fired by Hezbollah. Accordingly, Al Jazeera is vicariously liable for these acts of its officers, employees and agents.

**FIRST CLAIM FOR RELIEF**
**ON BEHALF OF THE AMERICAN PLAINTIFFS**
**ACTION FOR INTERNATIONAL TERRORISM PURSUANT TO 18 U.S.C. § 2333(a)**

113.    The allegations set forth in the preceding paragraphs are incorporated by reference as though fully set forth herein.

114.    The actions of defendant Al Jazeera described herein constituted "acts of international terrorism" as defined in 18 U.S.C. § 2331.

115.    As required by § 2331, the actions of defendant Al Jazeera described herein constituted "a violation of the criminal laws of the United States … or … would be a criminal violation if committed within the jurisdiction of the United States" since the actions of defendant

PDF Created with deskPDF PDF Writer - Trial :: http://www.docudesk.com

Al Jazeera described herein violated, or would have violated if committed within the United States, the provisions of 18 U.S.C. § 2339A , which criminalize the provision of material support and resources to terrorist organizations and/or for terrorist activities.

116.    Additionally, the actions of defendant Al Jazeera described herein constituted "a violation of the criminal laws of the United States … or … would be a criminal violation if committed within the jurisdiction of the United States" since the actions of defendant Al Jazeera described herein violated, or would have violated if committed within the United States, the provisions of the International Emergency Economic Powers Act, 50 U.S.C. §§ 1701 *et seq.* ("IEEPA"), Executive Order 12947 and 31 C.F.R. § 595.204, which prohibit "the making ... of any contribution of ... goods, or services to or for the benefit of" an SDT. 31 C.F.R. § 595.204

117.    Additionally, the actions of defendant Al Jazeera described herein constituted "a violation of the criminal laws of the United States … or … would be a criminal violation if committed within the jurisdiction of the United States" since the actions of defendant Al Jazeera described herein violated, or would have violated if committed within the United States, the provisions of IEEPA, the United Nations Participation Act (22 U.S.C. § 287c), Executive Order 13224 and 31 C.F.R. § 594.204, which prohibit "the making ... of any contribution of ... goods, or services to or for the benefit of" an SDGT. 31 C.F.R. § 594.204

118.    Additionally, the actions of defendant Al Jazeera described herein constituted "a violation of the criminal laws of … of any State, or … would be a criminal violation if committed within the jurisdiction of … any State," since the actions of defendant Al Jazeera described herein would have violated, if committed in Vermont, the provisions of § 1025 of Title 13 of the Vermont Statutes, which criminalizes conduct that places or may place another person in danger of death or serious bodily injury.

PDF Created with deskPDF PDF Writer - Trial :: http://www.docudesk.com

119.    As required by § 2331, the actions of defendant Al Jazeera were dangerous to human life by their nature and as evidenced by their consequences. At least 43 civilians were murdered by the Hezbollah Rocket Barrage, which was caused and facilitated by the actions of defendant Al Jazeera.

120.    As required by § 2331(1)(B) the actions of defendant Al Jazeera were "intended ... to intimidate or coerce a civilian population [or] to influence the policy of a government by intimidation or coercion," in that Al Jazeera provided Hezbollah with real-time information about the impact locations of the rockets fired by Hezbollah with the specific intent and purpose of facilitating, enabling and causing Hezbollah to carry out acts of violence against targets in Israel, including civilian targets, in order to (a) intimidate and influence the Israeli government and public and thereby weaken, harm, undermine and bring about the eventual eradication of the State of Israel and (b) intimidate and influence the United States government and public and thereby weaken, harm and undermine the United States militarily, economically and politically.

121.    As required by § 2331, the actions of defendant Al Jazeera transcended national boundaries in terms of the means by which they were accomplished and the persons they appeared intended to intimidate or coerce.

122.    The actions of defendant Al Jazeera described herein therefore constitute "acts of international terrorism" as defined in 18 U.S.C. §§ 2331 and 2333(a).

123.    The American Plaintiffs and decedent David Martin Lelchook suffered severe physical, psychological, emotional and financial injuries as a result of the Hezbollah Rocket Barrage, including: death; conscious pain and suffering prior to death; disfigurement; loss of physical and mental functions; extreme pain and suffering; loss of guidance, companionship and

38

society; loss of consortium; severe emotional distress and mental anguish; loss of solatium; and pecuniary and financial loss, including loss of income.

124.    As a direct and proximate result of the actions of defendant Al Jazeera the American Plaintiffs and decedent David Martin Lelchook suffered the injuries and harm described herein.

125.    Defendant Al Jazeera is therefore liable for all of the damages due to the American Plaintiffs and to the estate of decedent David Martin Lelchook in such sums as may hereinafter be determined, to be trebled pursuant to 18 U.S.C. § 2333(a).

**SECOND CLAIM FOR RELIEF**
**ON BEHALF OF THE AMERICAN PLAINTIFFS**
**AIDING AND ABETTING INTERNATIONAL TERRORISM**
**PURSUANT TO 18 U.S.C. § 2333(a)**

126.    The allegations set forth in the preceding paragraphs are incorporated by reference as though fully set forth herein.

127.    Since its founding and until July 12, 2006 (and until the present day) Hezbollah is and was a radical Islamic terrorist organization that views the State of Israel and the United States as its enemies.

128.    Since its founding and until July 12, 2006 (and until the present day), Hezbollah has used terrorism against American and Israeli targets in an effort to coerce, intimidate and influence the American and Israeli government and public, and thereby weaken and undermine the United States and Israel and bring about the ultimate destruction of the State of Israel

129.    Hezbollah's actions described herein are and were dangerous to human life and constituted a violation of the criminal laws of the United States, since Hezbollah is a violent terrorist organization that, since its establishment has murdered hundreds of innocent civilians, and openly proclaims its intention to murder other such innocent civilians.

PDF Created with deskPDF PDF Writer - Trial :: http://www.docudesk.com

130.    Hezbollah's actions described herein transcended national boundaries in terms of the means by which they were accomplished, the persons they appeared intended to intimidate or coerce, and the locales in which Hezbollah operates.

131.    The actions of Hezbollah described herein therefore constituted "acts of international terrorism" as defined in 18 U.S.C. §§ 2331 and 2333(a).

132.    Al Jazeera knowingly and intentionally provided Hezbollah with real-time information regarding the impact location of the rockets fired by Hezbollah, with the specific purpose and intent of enabling and assisting Hezbollah to aim its rockets more accurately and thereby cause greater and more extensive harm to targets in Israel, including civilian targets.

133.    The actions of Al Jazeera therefore constituted aiding and abetting Hezbollah's "acts of international terrorism" within the meaning of 18 U.S.C. §§ 2331 and 2333(a).

134.    As a direct and proximate result of the actions of Al Jazeera the American Plaintiffs and decedent David Martin Lelchook suffered the injuries and harm described herein.

135.    Defendant Al Jazeera is therefore liable for all of the damages due to the American Plaintiffs and to the estate of decedent David Martin Lelchook in such sums as may hereinafter be determined, to be trebled pursuant to 18 U.S.C. § 2333(a).

**THIRD CLAIM FOR RELIEF**
**ON BEHALF OF THE NON-AMERICAN PLAINTIFFS**
**AND PLAINTIFF ESTER LELCHOOK**
**AIDING AND ABETTING WAR CRIMES**

136.    The allegations set forth in the preceding paragraphs are incorporated by reference as though fully set forth herein.

137.    Between July 12 and August 14, 2006, armed Hezbollah personnel and Israeli military forces engaged in an extensive military conflict, in Israel and in Lebanon, which involved infantry, tanks, artillery, missiles and rockets, and naval and air forces. This conflict

PDF Created with deskPDF PDF Writer - Trial :: http://www.docudesk.com

was an "armed conflict" within the meaning of customary international law, and the parties to the conflict were bound by the rules of armed conflict under customary international law.

138.     Hezbollah carried out the Hezbollah Rocket Barrage, which was aimed almost entirely at civilians in Israel, as an integral part of the armed conflict between Hezbollah and Israel between July 12 and August 14, 2006, which was intended by Hezbollah to disrupt civilian life in Israel and demoralize the Israeli civilian population, and thereby advance Hezbollah's military campaign against Israeli armed forces.

139.     Hezbollah's firing of rockets at civilians in Israel as part of the armed conflict with Israel was a breach of the rules of armed conflict under customary international law and a war crime and thus a violation of the law of nations within the meaning of 28 U.S.C. § 1350.

140.     Al Jazeera knowingly and intentionally provided Hezbollah with real-time information regarding the impact location of the rockets fired by Hezbollah, with the specific purpose and intent of enabling and assisting Hezbollah to aim its rockets more accurately and thereby cause greater and more extensive harm to targets in Israel, including civilian targets.

141.     The actions of Al Jazeera therefore constituted aiding and abetting Hezbollah's war crimes and violations of the law of nations within the meaning of 28 U.S.C. § 1350.

142.     As a direct and proximate result of the actions of Al Jazeera, the Non-American Plaintiffs and their decedents, and plaintiff Ester Lelchook, suffered severe injuries and harm including: death; disfigurement; loss of physical and mental functions; extreme pain and suffering; loss of guidance, companionship and society; loss of consortium; severe emotional distress and mental anguish; loss of solatium; and pecuniary and financial loss, including loss of income.

PDF Created with deskPDF PDF Writer - Trial :: http://www.docudesk.com

143.    Defendant Al Jazeera is therefore liable for all of the damages due to the Non-American Plaintiffs, to the estates of their decedents and to plaintiff Ester Lelchook in such sums as may hereinafter be determined

144.    The conduct of defendant Al Jazeera was criminal, dangerous to human life, outrageous, extreme, wanton, willful, malicious, and constitutes a threat to the public warranting an award of punitive damages.

**FOURTH CLAIM FOR RELIEF**
**ON BEHALF OF ALL PLAINTIFFS**
**NEGLIGENCE**
**(Under the Law of the State of Israel)**

145.    The allegations set forth in the preceding paragraphs are incorporated by reference as though fully set forth herein.

146.    Pursuant to Fed.R.Civ.P. 44.1 plaintiffs hereby give notice of their intention to rely on the law of the State of Israel.

147.    Causes of action in tort in Israeli law are codified in the *Civil Wrongs Ordinance (New Version) - 1968*, (hereinafter "CWO").

148.    The CWO provides that any person injured or harmed by the civil wrongs (i.e. torts) enumerated in the CWO is entitled to relief from the person liable or responsible for the wrong.

149.    CWO § 35 creates a tort of Negligence.

150.    Under binding precedent of the Israeli Supreme Court, the tort of Negligence also includes intentional and/or reckless conduct.

151.    CWO § 35 provides that a person is liable for the tort of Negligence when he commits an act which a reasonable and prudent person would not have committed under the same circumstances; or refrains from committing an act which a reasonable and prudent person

PDF Created with deskPDF PDF Writer - Trial :: http://www.docudesk.com

would have committed under the same circumstances; or, in the performance of his occupation, does not use the skill or exercise the degree of caution which a reasonable person qualified to act in that occupation would have used or exercised under the same circumstances, and thereby causes damage to another person toward whom, under those circumstances he is obligated not to act as he did.

152.    CWO § 36 provides that the obligation stated in the last sentence of § 35 is toward all persons, to the extent that a reasonable person would have under the same circumstances foreseen that, in the ordinary course of events, they were liable to be injured by the act or omission.

153.    By providing Hezbollah with real-time information regarding the impact locations of the rockets fired by Hezbollah, defendant Al Jazeera performed acts which a reasonable and prudent person would not have committed under the same circumstances, within the meaning of the CWO.

154.    Defendant Al Jazeera did not, in the performance of its occupation, use the skill or exercise the degree of caution which a reasonable person qualified to act in that occupation would have used or exercised under the same circumstances, within the meaning of the CWO, in that defendant Al Jazeera provided Hezbollah with real-time information regarding the impact locations of the rockets fired by Hezbollah.

155.    Defendant Al Jazeera acted negligently in connection with the decedents and the plaintiffs, toward whom, in the circumstances described herein, defendant Al Jazeera had an obligation not to act as it did. Defendant Al Jazeera were obligated not to act as it did because a reasonable person would, under the same circumstances, have foreseen that, in the ordinary

43

course of events, persons such as the decedents and the plaintiffs were liable to be harmed by the acts of defendant Al Jazeera described herein.

156.    The behavior of defendant Al Jazeera constitutes Negligence under the CWO, and that negligent behavior was the proximate cause of the decedents' and the plaintiffs' harm, described above.

157.    Defendant Al Jazeera is therefore liable for the full amount of compensatory damages due to the plaintiffs and the estates of the decedents.

158.    Under Israeli case law a person harmed by an act of Negligence caused by intentional conduct is entitled to punitive damages.

159.    The conduct of defendant Al Jazeera was intentional and malicious, and so warrants an award of punitive damages under Israeli law.

**FIFTH CLAIM FOR RELIEF
ON BEHALF OF ALL PLAINTIFFS
<u>VICARIOUS LIABILITY</u>
(Under the Law of the State of Israel)**

160.    The allegations set forth in the preceding paragraphs are incorporated by reference as though fully set forth herein.

161.    Al Jazeera knowingly and intentionally provided Hezbollah with logistical assistance that enabled Hezbollah to accurately aim the rockets that murdered the decedents and harmed the plaintiffs.

162.    Vicarious liability principles are recognized in § 12 of the CWO, which provides that a person who participates in, assists, advises or solicits an act or omission, committed or about to be committed by another person, or who orders, authorizes, or ratifies such an act or omission, is liable for such act or omission.

PDF Created with deskPDF PDF Writer - Trial :: http://www.docudesk.com

163.    Defendant Al Jazeera knowingly and intentionally assisted Hezbollah to accurately aim the rockets that murdered the decedents and harmed the plaintiffs and under CWO § 12 is therefore liable for the full amount of compensatory damages due to the plaintiffs and the estates of the decedents.

164.    The conduct of defendant Al Jazeera was intentional and malicious, and so warrants an award of punitive damages under Israeli law.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiffs pray that this Court:

(a)    Enter judgment against defendant Al Jazeera in favor of the plaintiffs for compensatory damages in an amount to be determined at trial, but for no less than $1,200,000,000.00 (one billion two hundred million dollars);

(b)    Enter judgment against defendant Al Jazeera in favor of the plaintiffs for punitive damages in amounts to be determined at trial;

(c)    Enter judgment against defendant Al Jazeera in favor of the American Plaintiffs for treble damages;

(d)    Enter judgment against defendant Al Jazeera in favor of the plaintiffs for any and all costs sustained in connection with the prosecution of this action, including attorneys' fees; and

(e)    Grant such other and further relief as justice requires.

PDF Created with deskPDF PDF Writer - Trial :: http://www.docudesk.com

Dated: November 1, 2010

Respectfully submitted,

THE BERKMAN LAW OFFICE, LLC
*Counsel for Plaintiffs*

By:    /s/ Robert J. Tolchin
       Robert J. Tolchin, Esq.
       111 Livingston Street, Suite 1928
       Brooklyn, New York 11201
       Telephone: (718) 855-3627
       Fax: (718) 504-4943
       RJT@tolchinlaw.com

       NITSANA DARSHAN-LEITNER & CO.
       Nitsana Darshan-Leitner, Adv.
       (Israeli co-counsel)
       10 Hata'as Street
       Ramat Gan, 52512 Israel

       HEIDEMAN NUDELMAN & KALIK, P.C.
       Richard D. Heideman, Esq.
       Noel J. Nudelman, Esq.
       Tracy Reichman Kalik, Esq.
       1146 19th Street, N.W., Fifth Floor
       Washington, DC 20036 (202) 463-1818
       Telephone: (202) 463-1818
       Fax: (202) 463-2999
       *Co-counsel for Plaintiffs Ester Lelchook,*
       *Michal Lelchook, Yael Lelchook, Alexander*
       *Lelchook and Doris Lelchook*

PDF Created with deskPDF PDF Writer - Trial :: http://www.docudesk.com